**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PAUL MITCHELL,
                          Plaintiff,

    v.                                      No. 04-CV-937
                                                      (GLS/DRH)

PAUL HARRIMAN, Registered Nurse;
NURSE PERREA, RN; SHERYL MILLER,
Nurse Practitioner; M.D. KANG LEE;
SERGEANT RIVERS, Corrections Sergeant;
DAN CARPENTER, Corrections Officer; and
JOHN DOE #1, Unidentified Corrections
Officer,
                          Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| PAUL MITCHELL<br>94-A-4110<br>Plaintiff Pro Se<br>Clinton Correctional Facility<br>Post Office Box 2001<br>Dannemora, New York 12929 | |
| HON. ELIOT SPITZER<br>Attorney General for the<br> State of New York<br>Attorney for Defendants<br>The Capitol<br>Litigation Bureau<br>Albany, New York 12224-0341 | KATE H. NEPVEU, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Paul Mitchell ("Mitchell"), an inmate in the custody of the New York

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983. Mitchell contends that the defendants, seven DOCS employees, violated his constitutional rights under the Eighth and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is the motion of five defendants to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] Docket No. 15. Mitchell has not responded to the motion. For the reasons which follow, it is recommended that defendants' motion be granted in part and denied in part.

## I. Background

The facts as alleged in the complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

Mitchell contends that he previously filed a civil rights law suit against defendant Paul Harriman ("Harriman"), a nurse. Compl. at ¶ 9.[3] On April 21, 2004, Harriman was giving Mitchell his seizure medication. Compl. at ¶¶ 12-13. At some point, Harriman told Mitchell, "you like filing lawsuits? You'll get nothing around here." Id. at ¶ 13. The next morning,

---

[2] This motion is made on behalf of all defendants except Nurse Perrea ("Perrea") and John Doe #1. The motion was filed on March 7, 2005. Docket No. 15. Perrea was not served with process until June 24, 2005. Docket No. 23. Perrea has not yet answered or otherwise moved with respect to the complaint. Defendant Doe #1 has not yet been identified or served with process.

[3] Mitchell's complaint refers to Mitchell v. Goord, No. 04-CV-366 (LEK/DRH) (N.D.N.Y. filed Apr. 1, 2004). However, a review of the docket sheet for that case indicates that Harriman was not named as a defendant in that action, although it appears that defendant M.D. Kang Lee ("Lee"), a doctor, was so named. It appears that Mitchell had previously filed at least two other law suits in this district, but neither named Jarriman as a defendant. See Mitchell v. Selsky, No. 01-CV-358 (FJS/DEP) (N.D.N.Y judgment for defs. entered July 30, 2003); Mitchell v. Senkowski, No. 01-CV-570 (LEK/DRH) (N.D.N.Y. judgment for defs. entered Feb. 11, 2004), appeal pending, No. 04-1792 (2d Cir. filed Mar. 18, 2004). Mitchell has also filed at least three cases in this district since the above-captioned action was commenced. See note 4 infra.

Harriman refused to give Mitchell his medication. Id. at ¶ 14. Harriman then told Lee that Mitchell was refusing to take his medication. Id. at ¶ 16. Lee subsequently discontinued Mitchell's seizure medication for one month. Id. at ¶¶ 21-23.

On July 22, 2004, after Mitchell took his medication, Harriman began to harass him and claimed that Mitchell was not swallowing his medication. Id. at ¶¶ 33-37. Defendant Carpenter ("Carpenter"), a corrections officer, then threatened Mitchell with a misbehavior report. Id. at ¶ 37. The next day, Mitchell was served with a misbehavior report. Id. at ¶ 38.

On July 27, 2004, a Jewish holiday which required fasting between sunrise and sunset, Perrea, a nurse, was administering medication to the prisoners. Id. at ¶¶ 43-45. Mitchell, who is Jewish, informed Perrea that he could not consume anything between sunrise and sunset. Id. at ¶ 45. Perrea ignored Mitchell's request and demanded that Mitchell take the medication or go without it that day. Id. at ¶¶ 46-50. After this incident, defendant Rivers ("Rivers"), a corrections sergeant, informed Mitchell that he would be disciplined and should give back the medication. Id. at ¶ 54. Shortly thereafter, Mitchell was denied his one hour of daily exercise because of the incident with Perrea. Id. at ¶¶ 71-72. This action followed.

## II. Discussion

Mitchell asserts three causes of action, each against all defendants. The first alleges that defendants improperly denied and terminated his seizure medication, the second that defendants retaliated against him for his prior law suit, and the third that defendants

-3-

deprived him of his one hour of daily exercise as part of their harassment.  Compl. at ¶¶ 74-79.  Defendants seek dismissal of all claims.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).[4]

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion.  Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief."  Id.  "'This caution against dismissal applies with even greater force where the complaint is pro se, or where

---

[4] Nevertheless, Mitchell does have substantial experience as a pro se litigant having filed at least ten other federal action since 1998.  See U.S. Party/Case Index (visited Jan. 3, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

Mitchell has failed to respond to defendants' motion. An order was issued by the undersigned warning Mitchell that his failure might result in dismissal of the complaint. Docket No. 18. That order also extended the time for Mitchell to file a response. Nevertheless, Mitchell has failed to respond. Even in the absence of a response, defendants are entitled to prevail only if they satisfy the requirements of Rule 12(b)(6). See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).

### B. Eighth Amendment

Mitchell contends in his first and third causes of action that defendants violated his Eighth Amendment rights by failing to provide his seizure medication and by denying him his one hour of out-of-cell exercise. Defendants contend that Mitchell fails to allege an Eighth Amendment claim.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required but less than "conduct undertaken for the purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway, 37 F.3d at 66. Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Chance, 143 F.3d at 702. Prison officials "who actually

knew of the substantial risk to inmate health and safety may be found free from liability if they reasonably responded to the risk, even if the harm ultimately was not avoided." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Chance, 143 F.3d at 702. Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Allegations of negligent malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Here, Mitchell alleges that by denying him his seizure medication, defendants "have acted with malice and have been deliberately indifferent to Plaintiff's medical needs" which resulted in "adverse effects on Plaintiffs health." Compl. at ¶ 75. Mitchell's complaint is devoid of any more specific allegation of his medical needs. Nevertheless, viewing this allegation in the light most favorable to Mitchell, he sufficiently alleges a need for

medication to avoid seizures, which arguably constitutes a serious medical condition. See Boomer v. Lanigan, No. 00 Civ. 5540(DLC), 2002 WL 31413804, at *7 ( S.D.N.Y. Oct.25, 2002) (holding that inmate subject to epileptic seizures had established a serious medical need for Eighth Amendment purposes). Assuming this condition, the failure of defendants Lee and Harriman to provide Mitchell with his medication could suffice to demonstrate deliberate indifference. Thus, drawing all inferences in favor of Mitchell, and in light of his pro se status, the allegations at this stage suffice to survive a motion to dismiss as to Mitchell's medical indifference claim.

Therefore, the defendants' motion on this ground should be denied as to Mitchell's Eighth Amendment deprivation of medication claim in his first cause of action. The factual allegations underlying that cause of action mention only Harriman and Lee. See Compl. at ¶¶ 12-25. Accordingly, defendants' motion should be denied on this cause of action only as to those two defendants and should be granted as to defendants Miller, Rivers, and carpenter.[5]

With regard to Mitchell's claim in the third cause of action that defendants deprived him of his daily one-hour out-of-cell exercise, Mitchell has failed to plead an Eighth Amendment violation. An Eighth Amendment recreation claim, like any other prison condition claim, requires a showing of a serious deprivation and deliberate indifference on

---

[5] Liberally construed, the complaint may also assert a claim for violation of Mitchell's First Amendment gith to the free exercise of religion. See Compl. at ¶¶ 44-57 (alleging that Mitchell was denied medication when he chose to observe a Jewish day of fasting). Assuming the truth of these allegations, they are nevertheless not actionable where they would constitute but a single, isolated instance of deprivation rather than a significant pattern. See Cancel v. Mazzuca, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (holding that depriving an imnate of attendance at a single religious service does not state a § 1983 claim under the First Amendment).

the part of prison officials. Branham v. Meachum, 77 F.3d 626, 630 (2d Cir. 1996). A serious deprivation exists when an inmate is "denied meaningful exercise for a substantial period of time." Davidson v. Coughlin, 968 F. Supp. 121, 129 (S.D.N.Y. 1997). In this circuit, the "denial of one hour of exercise on one day is not sufficiently serious to state an Eighth Amendment claim." Amaker v. Goord, No. 98-Civ.-3634, 2002 WL 523371, at * 9 (S.D.N.Y. Mar. 29, 2002). Mitchell fails to demonstrate that the denial of one hour of out-of-cell recreation was either a serious deprivation or that any defendant acted with deliberate indifference.

Therefore, defendants' motion as to the third cause of action should be granted.

### C. Retaliation

Defendants contend that Mitchell's conclusory allegations of retaliation in his second cause of action must be dismissed as they fail to state a claim. In order to state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a "substantial factor" that caused the adverse action against plaintiff. Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). Retaliation claims are actionable because they may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491. However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id. at 492. Conclusory allegations alone are insufficient to overcome a motion to dismiss in a civil rights action. Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

Here, Mitchell claims that as a result of his filing lawsuits against DOCS employees,

-8-

defendants denied him his medication, had a false misbehavior report filed against him, and took various other actions. Mitchell's filing of lawsuits was clearly an assertion of a constitutional right and the denial of medication or the filing of false misbehavior reports could constitute adverse action. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). However, Mitchell alleges in only bare, conclusory terms that these alleged acts were taken in retaliation for his protected conduct. Thus, Mitchell has not alleged specific facts that "give rise to a colorable suspicion of retaliation." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Accordingly, defendants' motion on this ground should be granted and Mitchell's second cause of action should be dismissed.[6]

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 15) be:

    1. **GRANTED** as to all five moving defendants in all respects as to the second and third causes of action;

    2. **DENIED** as to Harriman and Lee as to the first cause of action; and

    3. **GRANTED** as to Miller, Rivers, and Carpenter as to the first cause of action.

---

[6] Liberally construed, the complaint may also allege a deprivation of Mitchell's Fourth Amendment protection against unreasonably searches and seizures. See Compl. at ¶¶ 25-26, 31, 35 (defendants examined Mitchell's mouth on several occasions to confirm that he had swallowed his medication). However, the Fourth Amendment does not prohibit such warrantless searches in a prison environment. See Covington v. Patrissi, 967 F.2d 73, 78-80 (2d Cir. 1991). Therefore, Mitchell has no viable claim on this ground.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: January 4, 2006
       Albany, New York

*David R. Homer*
United States Magistrate Judge