**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

PAUL MITCHELL,
                        Plaintiff,

    v.                                             No. 04-CV-937
                                                         (GLS/DRH)
PAUL HARRIMAN, Registered Nurse;
NURSE PERREA, RN; M.D. HANG LEE; and
JOHN DOE # 1, Unidentified Corrections
Officer,
                       Defendants.

_____

**APPEARANCES:**                         **OF COUNSEL:**

PAUL MITCHELL
Plaintiff Pro Se
42-60 Main Street
Suite 5-E
Queens, New York 11355

HON. ANDREW M. CUOMO             DAVID L. COCHRAN, ESQ.
Attorney General for the State of        Assistant Attorney General
   New York
Counsel for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Presently pending is the oral motion of defendants for an order pursuant to Fed. R. Civ. P. 37 dismissing the complaint. For the reasons which follow, it is recommended that defendants' motion be granted. It is further recommended that the complaint be dismissed without prejudice as to defendant John Doe #1.

## I. Background

On August 6, 2004, plaintiff Paul Mitchell ("Mitchell"), then an inmate in the custody of the New York State Department of Correctional Services, commenced this action alleging that defendants denied him medication and took various other actions against him in retaliation for Mitchell filing a lawsuit and observing his religion. Compl. (Docket No. 1). Mitchell was released from custody prior to March 22, 2006. Docket No. 22. Defendants noticed Mitchell for an oral deposition on July 27, 2006 at the office of their counsel in Albany, but Mitchell failed to appear. Docket No. 34.

A conference was then held on November 29, 2006 by telephone at the request of defendants with Mitchell and defendants' counsel. During the conference, defendants requested an order compelling Mitchell to appear in Albany for an oral deposition. Mitchell opposed the motion and opposed the request that the deposition take place in Albany, contending that he had not received the mailed notice of the prior deposition[1] and that he could not afford to travel to Albany. Docket No. 47. Defendants were then granted leave to take the deposition of Mitchell on or before December 15, 2006 either by telephone or in person in New York City at the option of defendants. Id. Defendants mailed notice of the oral deposition scheduled for December 15, 2006 in New York city and that notice was receive by Mitchell on December 7, 2006. Docket No. 48(1). By letter dated December 8, 2006 and received December 13, 2006, Mitchell advised defendants' counsel that he would not appear for the deposition because of an undisclosed personal matter and complained that he had not received twenty days advance notice of the deposition. Id.

---

[1] Defendants' counsel advised that the mailed notice had never been returned as undelivered by the United States Postal Service.

The chambers of the undersigned then attempted to contact Mitchell at the telephone number he previously provided and which had been used to arrange the November 29, 2006 telephone conference. Two calls on different days were answered by an answering machine and messages were left asking Mitchell to respond, but no response was received. The conference was then scheduled for January 22, 2007 and notice of the telephone conference was mailed to Mitchell on January 10, 2007. The mailed notice was never returned to the Court as undelivered. At the time scheduled for the conference, telephone calls were twice placed to the number previously provided by Mitchell, both calls were answered by an answering machine, messages were left requesting Mitchell to telephone the undersigned for the conference, but no telephone call from Mitchell was received. The conference then went forward on-the-record without Mitchell and defendants made the oral motion at issue herein.

## II. Discussion

### A. Rule 37

Rule 37(b)(2) provides in pertinent part "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ." The sanctions which a court may consider include adverse factual findings, preclusion of evidence, striking pleadings, finding a party in contempt, and dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)-(E). Here, an order was filed on November 30, 2006 directing Mitchell to appear for a deposition by defendants prior to December 15, 2006 at a date, time, by a method chosen by defendants in New York City

as requested by Mitchell.  Docket No. 47.  Notice of the deposition was properly served on and received by Mitchell.  Docket No. 48.  Mitchell failed to appear for the deposition without seeking leave of court or of defendants' counsel without good cause and has failed to respond to the Court's efforts to schedule a telephone conference to permit Mitchell to explain his conduct.  Mitchell has thus failed to comply with that order and, accordingly, sanctions under Rule 37(b)(2) may be considered.

In determining whether to impose sanctions and, if so, the sanctions to be imposed, a court must consider all circumstances relevant to the particular case, including but not limited to the history of the offending party's compliance with court orders, the opportunity for compliance, the effectiveness of lesser sanctions, the notice of and opportunity to defend against the possible sanctions, any prejudice to the adverse party from the noncompliance, and the party's personal responsibility for the noncompliance.  See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853-54 (2d Cir. 1995); McDaniel v. County of Schenectady, No. 04-CV-757 (GLS/RFT), 2005 WL 1745566, at *4 (N.D.N.Y. July 21, 2005) (Treece, M.J.).

Here, Mitchell has failed to appear for two scheduled depositions, the second after it was moved to New York City for his convenience.  He has also failed to appear for a conference concerning his failure or to respond to repeated telephone requests that he contact the Court.  Mitchell also received ample time and opportunity to respond to all court orders.  As to alternative sanctions, lesser measures such as preclusion of evidence or adverse findings of fact might be sufficient in circumstances where noncompliance has been limited to particular discovery or where the noncomplying party has otherwise mitigated the effect of noncompliance.  Here, however, Mitchell's noncompliance has been

complete and continuous. Mitchell has denied defendants the opportunity to depose him and has not responded to the Court's efforts to resolve his noncompliance with measures less than dismissal. In these circumstances, no sanction other than dismissal appears effective to address Mitchell's refusal to comply and cooperate.

Mitchell has been warned of his obligation to appear for a deposition and to cooperate with the Court in arranging court proceedings. Moreover, Mitchell has failed to respond to the Court's efforts to schedule a proceeding to address his nonappearance for deposition. The prejudice to defendants from Mitchell's noncompliance includes a complete denial of discovery from Mitchell concerning the evidence supporting his claims and has made meaningful defense of these claims more difficult. Finally, the extent of Mitchell's responsibility for the noncompliance is total. He has proceeded pro se.

Thus, the circumstances of this case compel the conclusion that Mitchell's willful noncompliance militates strongly in favor of the sanction of dismissal as the only sanction comporting with the nature and effect of Mitchell's conduct. One factor which might weigh against imposition of that sanction must be considered, however. Mitchell has been proceeding in this action pro se. As the Second Circuit Court of Appeals has recently reaffirmed, pro se litigants such as Mitchell are entitled to certain special considerations. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a *pro se* litigant is entitled to "'special solicitude,'"). Such "special solicitude," however, focuses on construing pleadings and enforcing compliance with procedural rules, both of which may prove difficult for a litigant untrained in the law. Id. A party's pro se status, though, does not constitute a license for willful noncompliance with court orders. See Gillum v. Nassau Downs Regional Off Track Betting

5

corp., 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005); Hall v. Flynn, 829 F. Supp. 1401, 1402 (N.D.N.Y. 1993) (McAvoy, J.) (A pro se litigant "who continues to demonstrate a lack of due diligence in the face of clear warnings[] will only be afforded so much latitude."). Mitchell has made no effort to comply with the deposition order. A lack of legal training or education cannot obviate such disobedience of an order. Therefore, Mitchell's pro se status should not be deemed to weigh against the sanction of dismissal here.

Accordingly, defendants' motion for dismissal as a sanction under Rule 37(b)(2) should be granted and the complaint should be dismissed in its entirety.

### B. Failure to Prosecute

Defendants have not moved for dismissal of the complaint under Fed. R. Civ. P. 41(b). However, under Rule 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a).

In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions. See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995). In addition, where, as here, a party is proceeding pro se, he or she is entitled to "special solicitude." See Triestman, supra.

6

Here, Mitchell's failure to pursue his claims has continued for several months, beginning with his first failure to appear for deposition, continuing through his second failure to appear without adequate cause, and continuing to date through efforts to contact Mitchell which have met with silence from Mitchell. Mitchell has received telephone calls and mailed notices of depositions and conferences but has either failed to appear at the last minute or declined all contact. Thus, Mitchell has been accorded due process to pursue his clams, has failed to do so, and his right to further process in these circumstances is, therefore, outweighed by the Court's need to alleviate calendar congestion. Finally, for the reasons discussed above in subsection II(A), no sanction short of dismissal appears adequate.

Accordingly, in the alternative, it is recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a).

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

1. Defendants' oral motion to dismiss this action be **GRANTED** and this action be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), any party may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human Services 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72,

6(a), 6(e).

In addition, **PLAINTIFF PRO SE PAUL MITCHELL SHALL TAKE NOTICE** that if he fails to file timely objections to this report-recommendation, this action may be dismissed. If the action is dismissed, there will be no trial and plaintiff may be foreclosed from ever asserting the claims alleged herein at any future time.

**IT IS SO ORDERED.**


DATED: January 23, 2007
         Albany, New York

_David R. Homer_
United States Magistrate Judge